**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1256**

BETTY JEFFERSON; NORFOLK FEDERATION OF TEACHERS, LOCAL
4261, affiliated with the American Federation of Teachers,

Plaintiffs – Appellants,

v.

SCHOOL BOARD OF THE CITY OF NORFOLK,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Jerome B. Friedman, Senior
District Judge. (2:10-cv-00316-JBF-TEM)

Submitted:  September 30, 2011      Decided:  October 26, 2011

Before DUNCAN, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert E. Paul, Jordan M. Kaplan, ZWERDLING, PAUL, KAHN & WOLLY,
PC, Washington, D.C., for Appellants. Andrew R. Fox, Assistant
City Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Betty Jefferson and the Norfolk Federation of Teachers ("NFT") filed the instant 42 U.S.C. § 1983 (2006) action in the district court, alleging that the School Board of the City of Norfolk ("the School Board") violated Jefferson's Fourteenth Amendment right to due process. The complaint also alleged that the School Board violated the rights of other individuals represented by NFT. In response, the School Board filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). After Jefferson and NFT filed a response and an amended complaint, the district court ruled that NFT lacked standing to participate in the action and dismissed Jefferson's claim for failure to state a claim.

Following the district court's dismissal, Jefferson and NFT filed a motion to alter or amend the judgment and a motion for leave to file a second amended complaint. The district court denied both motions. Jefferson and NFT appeal both the original judgment and the denial of the post-judgment motions. We affirm.

On appeal, Jefferson and NFT raise three issues: (1) the district court erred in finding that Jefferson failed to state a claim for the deprivation of her due process rights; (2) the district court erred in finding that NFT lacked standing; and (3) the district court erred in refusing to amend

2

its judgment to allow Jefferson and NFT to file an amended complaint.

This court reviews de novo a district court's grant of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 179-80 (4th Cir. 2009). To survive a Rule 12(b)(6) motion, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," with "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Generally, when ruling on a Rule 12(b)(6) motion, a judge must "accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007). A court is not, however, required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" or "allegations that contradict matters properly subject to judicial notice or by exhibit." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted).

To establish a violation of procedural due process, Jefferson must have alleged that (1) she had a property interest (2) of which the School Board deprived her (3) without due process of law. Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach, 420 F.3d 322, 328 (4th Cir. 2005). Public employees may

3

have a constitutionally protected property interest in their employment. <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 542, 546 (1985); <u>Andrew v. Clark</u>, 561 F.3d 261, 269 (4th Cir. 2009). A public school teacher's property interest in employment may derive from "a contract which provides for continued employment, and which can be terminated only for good cause." <u>Royster v. Bd. of Trs.</u>, 774 F.2d 618, 620 (4th Cir. 1985). The parties here do not dispute that Jefferson had a property interest in her teaching job or that, when provided notice of her proposed dismissal, she did not seek the hearing to which she was statutorily entitled. Jefferson alleges that such a hearing would have been meaningless because, she believes, the School Board had predetermined her case. We find this claim to be unsupported by any factual averment, and we therefore affirm its dismissal by the district court.

NFT claims on appeal that, contrary to the district court's ruling, it did have associational standing to proceed in the district court. (Appellants' Br. at 31-35). This court reviews de novo the district court's decision to dismiss for lack of standing. <u>Bishop v. Bartlett</u>, 575 F.3d 419, 423 (4th Cir. 2009).

Because NFT lacks standing to sue in its own right, as it has suffered no injury in fact, it must attain associational standing in order to proceed. <u>See</u> <u>Hunt v. Wash. State Apple</u>

4

Adver. Comm'n, 432 U.S. 333, 342-43 (1977) ("Even in the absence of injury to itself, an association may have standing solely as the representative of its members." (internal quotation marks omitted)). NFT has standing to bring suit on behalf of its members if: "(1) its members would otherwise have standing to sue as individuals; (2) the interests at stake are germane to the group's purpose; and (3) neither the claim made nor the relief requested requires the participation of individual members in the suit." Friends for Ferrell Parkway, LLC v. Stasko, 282 F.3d 315, 320 (4th Cir. 2002). Neither party contests the district court's finding that NFT satisfied the first two prongs of the associational standing test. Therefore, this appeal turns on whether NFT satisfies the third prong. Our review reveals that the relief sought for the association's membership as a whole is so vague as to be meaningless, and that the complaint otherwise concerns only Jefferson's specific rights and requires her individual participation. See Warth v. Seldin, 422 U.S. 490, 515-16 (1975) (holding nature of relief sought is key to assessing associational standing). Therefore, the district court did not err in denying NFT standing.

Lastly, NFT and Jefferson assert that the district court erred in denying their post-judgment motions. This court reviews a district court's denial of a motion to amend a complaint for abuse of discretion. Laber v. Harvey, 438 F.3d

5

404, 428 (4th Cir. 2006) (en banc). Under Fed. R. Civ. P. 15(a)(2), after the period for amending a complaint as a matter of course has expired "a party may amend its pleading only with the opposing party's written consent or the court's leave." The court's leave should be freely given and "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber, 438 F.3d at 426-27 (internal quotation marks omitted). The district court may not grant a post-judgment motion to amend, such as the one at issue here, "unless the judgment is vacated pursuant to [Fed. R. Civ. P.] 59(e)." Id. at 427.

"A conclusion that the district court abused its discretion in denying a motion to amend . . . is sufficient grounds on which to reverse the district court's denial of a Rule 59(e) motion." Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 193 (4th Cir. 2009) (internal quotation marks omitted). We conclude that the district court did not abuse its discretion in denying the Rule 15(b) motion to amend, as we agree with the district court that such amendment would have been futile.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

6

before the court and argument would not aid the decisional process.

AFFIRMED